United States District Court
Southern District of Texas
**ENTERED**
November 21, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JULIA GUTIERREZ MIRANDA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 7:19-CV-146 |
| | § | |
| TEXAS LLOYDS ALLSTATE, *et al*, | § | |
| | § | |
| Defendants. | § | |

# OPINION AND ORDER

The Court now considers the "Motion to Compel Appraisal"[1] (hereafter "motion to compel") filed by Julia Gutierrez Miranda ("Plaintiff"), the response[2] filed by Allstate Texas Lloyd's ("Defendant Allstate"), and Plaintiff's reply.[3] The Court also considers the "Unopposed Motion for Leave to File First Amended Answer"[4] (hereafter "motion for leave") filed by Defendant Allstate. After duly considering the record and the relevant authorities, the Court **GRANTS** both Plaintiff's motion to compel and Defendant Allstate's motion for leave.

## I. BACKGROUND

This is an insurance case involving Plaintiff's denied claim for storm damage to her property under her policy with Defendant Allstate.[5] Plaintiff alleges that on May 31, 2016, a storm hit Hidalgo County, Texas, causing damage to Plaintiff's "house and other property."[6] On March 30, 2017, Plaintiff filed a claim with Defendant Allstate under her insurance policy and alleges Defendant Allstate and its adjustor, Mario Capmany ("Defendant Capmany"),

---

[1] Dkt. No. 14.
[2] Dkt. No. 18.
[3] Dkt. No. 20.
[4] Dkt. No. 15.
[5] Dkt. No. 1-5 p. 2 (Plaintiff's Original Petition).
[6] *Id.* ¶ 9.

"improperly denied/underpaid her claim."[7] Plaintiff alleges Defendant Capmany "conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages [that] were observed during the inspection, and undervalued damages observed during the inspection."[8]

Defendant Allstate alleges that Plaintiff initially filed this lawsuit on August 30, 2017 when Plaintiff was named as an intervenor in a similar state suit.[9] In that case, Defendant Allstate allegedly objected to Plaintiff's intervention and filed a motion to strike Plaintiff's petition, but the state court in that case nonetheless ordered the parties to participate in mediation.[10] Plaintiff allegedly cancelled the parties' mediation and it never took place.[11] Defendant Allstate claims, "[t]he [state] court denied [Defendant Allstate's] Motion to Strike and [Defendant Allstate] subsequently filed a Mandamus. During the pendency of that Mandamus, Plaintiff agreed to non-suit her claims and re-file individually."[12] Neither party specifies the date on which Plaintiff agreed to non-suit.

Plaintiff filed the instant action individually in state court on April 3, 2019, bringing claims against both Defendants for violations of the Texas Insurance Code and Defendant Allstate for breach of contract.[13] Plaintiff seeks damages of $100,000 or less and attorneys'

---

[7] *See id.* at pp. 1-2, ¶¶ 3, 10, 11. The exact date of Plaintiff's filing of her claim is unclear from Plaintiff's original state court petition. Defendant Allstate claims in its response to Plaintiff's motion to compel appraisal that Plaintiff filed her claim on March 30, 2017, approximately nine months after the storm on May 31, 2016. Dkt. No. 15 p. 1, ¶ 1. This appears to align with Plaintiff's assertion approximately one month later on April 19, 2017 that the adjuster, Defendant Capmany, incorrectly evaluated the damage done to her property. Dkt. No. 1-2 p. 2 (Plaintiff's Demand Letter, dated August 9, 2017). Therefore, for the purposes of determining a timeline of events in this case, the Court will assume Plaintiff did in fact file her claim on March 30, 2017, as Defendant Allstate alleges.
[8] Dkt. No. 1-5 p. 2, ¶ 11.
[9] Dkt. No. 18 p. 1, ¶ 1.
[10] *Id.*
[11] *Id.*
[12] *Id.* ¶ 2. Plaintiff does not dispute Defendant Allstate's description of the state court case, as these facts are noted in the parties' joint discovery/case management plan. Dkt. No. 9 p. 2, ¶ 6.
[13] Dkt. No. 1-5 pp. 3–5.

fees.[14] Defendant filed an answer in state court on April 14, 2019.[15] Defendant Capmany has not been served.

On April 30, 2019, Defendant Allstate removed to this Court on the basis of diversity jurisdiction, arguing that Defendant Capmany was improperly joined.[16] At the parties' June 18, 2019 initial pretrial and scheduling conference, the Court inquired with Plaintiff's counsel as to whether Plaintiff intended to file a motion to remand and Plaintiff's counsel indicated that Plaintiff did not anticipate doing so and that Plaintiff does not object to the case remaining in federal court.[17] Nevertheless, the Court instructed Plaintiff's counsel to promptly file a motion to remand if Plaintiff chose to do so.[18] Plaintiff has not filed a motion to remand.

Plaintiff's counsel also indicated at the parties' initial pretrial and scheduling conference that Plaintiff was unsure as to whether appraisal would be necessary in this case.[19] The Court instructed Plaintiff's counsel to begin the process of requesting appraisal as soon as possible, before the case progressed substantially. The Court then issued a scheduling order.[20]

The parties unsuccessfully mediated the case on September 5, 2019, after which Plaintiff submitted a letter to Defendant Allstate demanding appraisal on September 9, 2019.[21] Defendant Allstate denied Plaintiff's demand for appraisal on September 25, 2019.[22] Plaintiff filed the

---

[14] *Id.* at pp. 2, 5, ¶¶ 5, 24–26.
[15] Dkt. No. 1-8 (Defendant's Original Answer).
[16] Dkt. No. 1 pp 1–2. Defendant Allstate alleges that Plaintiff is a citizen of Hidalgo County, Texas, Defendant Allstate is a citizen of Illinois and New Jersey, and Defendant Capmany is a citizen of Texas. The issue of complete diversity is discussed below.
[17] Minute Entry dated June 18, 2019. While the discussions on appraisal and remand are not reflected in the Court's minutes, the conference transcript reflects these conversations. *See also* Case No. 7:19-cv-137, Minute Entry dated June 18, 2019. The Court notes it handled these conferences jointly.
[18] *Id.*
[19] *See* Minute Entry dated June 18, 2019. While the discussions on appraisal and remand are not reflected in the Court's minutes, the conference transcript reflects these conversations.
[20] Minute Entry dated June 18, 2019; Dkt. No. 10.
[21] Dkt. No. 14 p. 2, ¶ 3.
[22] *Id.*

instant motion to compel on October 1, 2019.[23] Defendant Allstate then filed its unopposed motion for leave to amend its answer on October 15, 2019,[24] and subsequently filed a timely response in opposition of Plaintiff's motion to compel on October 22, 2019.[25] Plaintiff replied to Defendant Allstate's response on November 1, 2019.[26]

## II. DISCUSSION

### a. Jurisdiction

Before the Court addresses the pending motions, the Court addresses its jurisdiction over this case. Because Defendant Capmany and Plaintiff share the same domicile,[27] this Court does not have jurisdiction over this case if Defendant Capmany was properly joined. In its notice of removal, Defendant Allstate argues that Defendant Capmany was improperly joined and as such, the proper parties, Plaintiff and Defendant Allstate, are diverse.[28] Plaintiff contests the Court's jurisdiction in the parties' joint discovery/case management plan, stating that "[Defendant] Allstate cannot carry its burden of establishing federal jurisdiction . . ."[29] However, Plaintiff provides no other argument in opposition of Defendant Allstate's argument of improper joinder or in support of Defendant Capmany's joinder. Further, at the parties initial pretrial and scheduling conference, Plaintiff stated that it did not object to remaining in federal court.[30]

Plaintiff has not filed a motion to remand and has not contested Defendant Allstate's argument of improper joinder in any of its pleadings. In light of Plaintiff's lack of objection and upon review of Plaintiff's original petition at the time of removal, the Court finds it proper to

---

[23] Dkt. No. 14.
[24] Dkt. No. 15.
[25] Dkt. No. 18.
[26] Dkt. No. 20.
[27] Dkt. No. 1-5 p. 1, ¶¶ 1–3.
[28] Dkt. No. 1 pp. 2–6.
[29] Dkt. No. 7 p. 2, ¶ 6.
[30] Minute Entry dated June 18, 2019. While the discussions on appraisal and remand are not reflected in the Court's minutes, the conference transcript reflects these conversations. See also Case No. 7:19-cv-137, Minute Entry dated June 18, 2019. The Court notes it handled these conferences jointly.

dismiss Defendant Capmany from the case. Even if Plaintiff had objected, Plaintiff failed to serve Defendant Capmany within 90 days of filing her complaint, as required by Federal Rule of Civil Procedure 4(m).[31] Thus, for both reasons, the Court **DISMISSES WITHOUT PREJUDICE** Defendant Capmany from the case. The Court now turns to Defendant Allstate's motion for leave.[32]

### b. Motion for Leave

Defendant Allstate now requests leave of the Court "to properly assert its admissions, denials and defenses in its First Amended Answer. . . in accordance with the Federal Rules of Civil Procedure and the Scheduling Order in this case."[33] Defendant Allstate attaches a proposed amended answer for the Court's review.[34] Plaintiff is unopposed.[35] Because the motion is unopposed, the Court considers it as soon as practicable.[36]

#### i. Legal Standard

Under Federal Rule of Civil Procedure ("Rule") 15(a), a party may amend its pleadings once as a matter of course within twenty-one days after serving it, and thereafter with written consent of the opposing party or by leave of the Court.[37] Here, the Court's scheduling order did not explicitly set a deadline for parties to file a Rule 15(a) motion to amend pleadings.[38] However, pursuant to Rule 15(a)(1)(B), Defendant Allstate had until May 21, 2019 to amend its

---

[31] Fed. R. Civ. P. 4(m) (providing that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period"). The Court finds that Plaintiff has notice of its failure to serve Defendant Capmany, given the parties' discussions at the initial pretrial and scheduling conference.
[32] Dkt. No. 15.
[33] *Id.* at p. 1, ¶ 2.
[34] Dkt. No. 15-1.
[35] Dkt. No. 15.
[36] L.R. 7.2.
[37] Fed. R. Civ. P. 15(a).
[38] Dkt. No. 10; Fed. R. Civ. P. 15.

answer once as a matter of course.[39] Defendant Allstate did not do so and has not obtained the necessary written consent from Plaintiff to amend its answer without leave of Court. Defendant Allstate only represents in the motion for leave that Plaintiff's attorney "is not opposed to this motion."[40] Plaintiff's agreement embedded in the motion does not constitute Rule 15(a) written consent. Thus, Defendant requires leave of Court to amend.

Rule 15(a)(2) provides that the Court should freely give leave to amend "when justice so requires."[41] In determining whether to allow leave to amend a pleading, courts examine whether there was 1) undue delay; 2) bad faith or dilatory motive; 3) repeated failure to cure deficiencies by previous amendments; 4) undue prejudice to the opposing party; and 5) futility of the amendment.[42] In the absence of any of these factors, the Court should freely grant the requested leave.[43] The decision whether to grant leave to amend lies within the Court's sound discretion.[44]

## ii. Legal Analysis

The Court finds none of the warning factors present here. Defendant Allstate does not seek amendment in bad faith or with dilatory motive. Amendment here will not result in any significant delay. Moreover, the Court finds Defendant Allstate's amendment would not prejudice Plaintiff, particularly considering Plaintiff's lack of opposition. Defendant Allstate's amendment would not be futile, as Defendant Allstate would have the opportunity to file an answer in conformity with federal pleading requirements. Further, given that Defendant

---

[39] Fed. R. Civ. P. 15(a)(1)(B) (providing that when the pleading is one to which a responsive pleading is not required, a party has 21 days after service of the pleading to amend). Defendant Allstate filed its answer in this Court when it removed the action on April 30, 2019. Therefore, Defendant had until May 21, 2019 to amend its answer as a matter of course.
[40] Dkt. No. 15 p. 2.
[41] Fed. R. Civ. P. 15(a)(2); *see Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002) (citation omitted) (noting that the language of Rule 15(a) "evinces a bias in favor of granting leave to amend").
[42] *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (citing *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003)).
[43] *Foman v. Davis*, 371 U.S. 178, 182 (1962).
[44] *Smith*, 393 F.3d at 595 (quoting *Quintanilla v. Tex. Television, Inc.*, 139 F.3d 494, 499 (5th Cir. 1998)).

Allstate's original answer and its proposed amended answer are substantively similar, the Court finds no reason to deny leave to amend.[45]

In sum, leave to amend is proper. The Court **GRANTS** Defendant's motion for leave[46] and **ORDERS** Defendant to file a first amended answer by **December 2, 2019.** The Court now turns to Plaintiff's motion to compel.[47]

### c. Motion to Compel Appraisal

#### i. Cautionary Note

The Court first notes that it discussed the issue of appraisal with Plaintiff's counsel at the parties' June 18, 2019 initial pretrial and scheduling conference.[48] Plaintiff indicated that it was unsure whether it intended to invoke appraisal and the Court instructed Plaintiff's counsel to decide on that issue relatively quickly, as the appraisal process becomes increasingly complicated as the case progresses.[49] Plaintiff did not invoke appraisal until September 9, 2019.[50] As the Court predicted, the issue of appraisal has now become increasingly complicated. While the Court finds for the reasons stated herein that Plaintiff is legally entitled to appraisal, the Court is sympathetic to Defendant Allstate's frustrations and cautions Plaintiff to heed the Court's instructions in the future to ensure the case proceeds in a timely and efficient manner.

---

[45] Dkt. No. 1-8; Dkt. No. 15-1. In its original answer, Defendant Allstate denied all allegations made by Plaintiff. However, in its proposed amended answer, Defendant Allstate admitted to certain procedural matters, such as the existence of a contract with Plaintiff, but denied all other allegations. Defendant Allstate appears to assert the same affirmative defenses in its proposed amended answer as it does in its original answer, although they are formatted and organized differently.
[46] Dkt. No. 15.
[47] Dkt. No. 14.
[48] *See* Minute Entry dated June 18, 2019. While the discussions on appraisal and remand are not reflected in the Court's minutes, the conference transcript reflects these conversations.
[49] *Id.*
[50] Dkt. No. 14 p. 1, ¶ 2.

## ii. Legal Standard

The appraisal process determines the value of damages, and courts decide liability.[51] Absent illegality or waiver, the Texas Supreme Court has generally held in favor of enforcing appraisal clauses "because denying the appraisal would vitiate the insurer's right to defend its breach of contract claim."[52] An insured waives its right to appraisal where (1) the parties reached an impasse; (2) there was unreasonable delay between the "point of impasse" and the insured's demand for appraisal; and (3) the insurer shows it has been prejudiced by such delay.[53] "[W]aiver requires intent, either the intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right."[54]

## iii. Legal Analysis

Plaintiff claims the parties' impasse occurred after mediation was unsuccessful on September 5, 2019, and that Plaintiff invoked appraisal within a reasonable time on September 9, 2019.[55] Plaintiff argues she has not waived her right to appraisal because she has not unreasonably delayed her appraisal invocation and Defendant Allstate has not been prejudiced.[56] In response, Defendant Allstate appears to argue that the parties reached an impasse in the initial state suit after Plaintiff failed to appear for the first mediation and agreed to re-file her claims individually sometime in Fall 2017.[57] Defendant Allstate argues Plaintiff waived her right to

---

[51] *Blum's Furniture Co. v. Certain Underwriters at Lloyds London*, 459 F. App'x 366, 369 (5th Cir. 2012) (citing *In re Universal Underwriters of Texas Ins. Co.*, 345 S.W.3d 404, 412 (Tex. 2011)).
[52] *In re Universal Underwriters of Texas Ins. Co.*, 345 S.W.3d at 412 (citing *In re Allstate Cnty. Mut. Ins. Co.,* 85 S.W.3d 193, 196 (Tex. 2002)).
[53] *Id.* at 407–412.
[54] *Id.* at 407 (citing *In re Gen. Elec. Capital Corp.*, 203 S.W.3d 314, 316 (Tex. 2006)).
[55] Dkt. No. 14 p. 1, ¶ 1.
[56] Dkt. No. 14.
[57] Dkt. No. 18 p. 1, ¶¶ 1–2. Defendant Allstate does not specifically state that it believes the impasse to have begun after Plaintiff failed to participate in the first mediation, but instead bases its arguments of unreasonable delay and prejudice on Plaintiff's failure to invoke appraisal between Fall 2017 and September 2019. Dkt. No. 18 p. 4, ¶ 10. Thus, the Court assumes that Defendant Allstate is alleging the impasse date to have begun when Plaintiff agreed to end her involvement in the original state court case and re-file her suit individually. Moreover, Defendant Allstate

appraisal because Plaintiff's demand was not made within a reasonable time and because Defendant Allstate would be prejudiced if the Court permitted appraisal.[58] The Court finds Plaintiff did not waive her right to appraisal.

## 1. *Impasse*

Parties reach an impasse when there is "a mutual understanding that neither will negotiate further" and the parties are aware of the futility of further negotiations.[59] Disagreement over amount of loss does not constitute an impasse.[60] Further, "[o]ngoing negotiations, even when the parties disagree, do not trigger a party's obligation to demand appraisal."[61]

Plaintiff argues that the parties reached an impasse after mediation was unsuccessful on September 5, 2019, and that Plaintiff invoked appraisal within a reasonable time on September 9, 2019.[62] Defendant Allstate does not explicitly argue that an impasse existed or identify a date on which the parties reached an impasse. To the extent Defendant Allstate argues that an impasse began after Plaintiff agreed to re-file her suit individually approximately two years ago in a different case,[63] the Court finds this does not amount to a mutual understanding or awareness of the futility of further negotiations.

According to Defendant Allstate, after the parties' state suit mediation was cancelled, Plaintiff agreed to re-file her suit individually but made no other indication that negotiations between the parties would end.[64] Waiver of a right to appraisal requires the opposite intent – intent to relinquish a known right– not intent to continue pursuing that right in an individual

---

does not state the date on which the parties first intended to mediate, or the date Plaintiff agreed to re-file her claim individually. Plaintiff does not address these allegations.
[58] Dkt. No. 18.
[59] *In re Universal Underwriters of Texas Ins. Co.*, 345 S.W.3d at 409–10.
[60] *Id.* at 408.
[61] *Id.*
[62] Dkt. No. 14 p. 1, ¶ 1.
[63] Dkt. No. 29 p. 3, ¶ 4.
[64] Dkt. No. 18 p. 1, ¶ 1.

lawsuit.⁶⁵ Defendant also states that Plaintiff now invokes appraisal after "two unfruitful mediation[s]."⁶⁶ The Court is unsure as to which mediations Defendant Allstate is referring to. Defendant Allstate indicates that the parties scheduled a mediation sometime in Fall 2017 which was subsequently cancelled.⁶⁷ Defendant Allstate and Plaintiff then each indicate that the parties mediated on September 5, 2019.⁶⁸ Thus, from the Court's perspective, the parties have only actually mediated once.⁶⁹ The parties did not participate in two unfruitful mediations. This distinction is important in determining whether the parties reached an impasse. When Plaintiff agreed to non-suit and refile her claim individually in Fall 2017, the parties had yet to engage in any negotiations at all. Defendant Allstate could not possibly have believed negotiations to be futile – they had yet to even occur. Moreover, while Plaintiff may have recognized that she was not a proper intervenor in the original state suit, the parties' negotiations did not become futile. Rather, an entirely new case, and by extension, a new opportunity for negotiations, commenced with the filing of the instant suit.⁷⁰

To the extent Defendant Allstate argues that the sheer passage of time between Plaintiff's agreement to re-file individually in Fall 2017 and her actual refiling in April 2019 constituted "a mutual understanding that neither will negotiate further" thus creating an impasse, the Court again disagrees. The Fifth Circuit has held that many factors can suggest the continued possibility of fruitful negotiations and that "the mere passage of time can suggest that new

---

⁶⁵ *In re Universal Underwriters of Texas Ins. Co.* at 407 (citing *In re Gen. Elec. Capital Corp.*, 203 S.W.3d 314, 316 (Tex. 2006)).
⁶⁶ Dkt. No. 18 p. 3, ¶ 9.
⁶⁷ *Id.* at p. 1, ¶ 1.
⁶⁸ *Id.*; Dkt. No. 14 p. 1, ¶ 2.
⁶⁹ Plaintiff corrects Defendant Allstate's mischaracterization of the facts in its reply to Defendant Allstate's response, stating: "the parties reached an impasse following mediation for the first time in September. Allstate calls this the "second" mediation, but to be clear, there has only been one mediation." Dkt. No. 20 p. 2, ¶ 5.
⁷⁰ The Court notes that Defendant Allstate failed to raise such an argument in the parties' joint discovery/case management plan or the initial pretrial and scheduling conference when the issue of appraisal was addressed. Dkt. No. 9; Minute Entry dated June 18, 2019.

negotiations *should* be had."[71] Defendant Allstate's participation in the September 5, 2019 mediation further evidences the possibility, rather than futility, of further negotiations.

Plaintiff identifies September 5, 2019 as the date of impasse,[72] while Defendant Allstate has not identified any date that could constitute an impasse. The Court concludes that an impasse did in fact begin after the parties negotiated and reached a mutual understanding that further negotiations would be futile on September 5, 2019.[73] Thus, the Court will now consider whether Plaintiff's invocation of appraisal on September 9, 2019 constituted unreasonable delay and whether this delay prejudiced Defendant Allstate.

2. *Unreasonable Delay*

As noted above, the Court finds the parties reached an impasse on September 5, 2019. Plaintiff asserts she invoked appraisal without unreasonable delay four days later on September 9, 2019.[74] Defendant Allstate's argument that Plaintiff has unreasonably delayed appears to be based on the passage of time between the litigation in Fall 2017 and the instant case filed in April 2019.[75] Defendant Allstate argues Plaintiff unreasonably delayed by invoking appraisal following "twenty-five (25) months of litigation, extensive written discovery, a mandamus proceeding in State Court, an expert re-inspection, an expert review of Plaintiff's attorney's fees, and two unfruitful mediation[s]."[76] Defendant Allstate further argues that, "waiting over two years after Plaintiff filed their original law suit, twenty-five (25) months of litigation, more than

---

[71] *See Raven Servs. Corp. v. N.L.R.B.*, 315 F.3d 499, 506 (5th Cir. 2002) (emphasis added) (holding that after changes in economic circumstances suggested negotiations may be more fruitful, an impasse did not exist despite two years passing).
[72] Dkt. No. 14 p. 1, ¶ 1.
[73] Plaintiff indicates in its motion to compel that "settlement discussions. . .broke down when the parties began negotiating for the first time at mediation on September 5, 2019." Dkt. No. 14 p. 4, ¶ 12.
[74] Dkt. No. 14.
[75] Defendant Allstate conflates its arguments regarding unreasonable delay and prejudice. The Court will consider the arguments as applied to each individual factor.
[76] Dkt. No. 18 p. 3, ¶ 9. As the Court notes above, the Court is unsure as to which mediations Defendant Allstate is referring to. Defendant Allstate indicates that the parties scheduled a mediation sometime in Fall 2017 which was subsequently cancelled. Defendant Allstate and Plaintiff then each indicate that the parties mediated on September 5, 2019. Thus, from the Court's perspective, the parties have only mediated once.

3 years after the date of loss . . . constitutes an unreasonable delay."[77] The Court finds Plaintiff did not unreasonably delay in invoking her right to appraisal.

Waiver of appraisal is measured from the time that the right to invoke appraisal arose—the time of disagreement or impasse—not the time notice of suit or a Texas Insurance Code claim is received.[78] Courts measure delay from the point of impasse by examining the parties' conduct and surrounding circumstances.[79] Such measure goes beyond "the amount of time involved in seeking appraisal."[80]

As noted above, the Court concludes the parties reached an impasse on September 5, 2019. Whether Plaintiff unreasonably delayed waiving the right to appraisal is measured from the time of disagreement or impasse, not the time notice of suit or a Texas Insurance Code claim is received.[81] Defendant Allstate's argument that the passage of time between the parties' initial dealings in 2017 and the parties' instant dealings in 2019 constitutes unreasonable delay is unpersuasive given that no impasse existed during this time frame. Plaintiff invoked her right to appraisal four days after the parties reached an impasse.[82] Thus, Plaintiff did not unreasonably delay in demanding appraisal from the point of impasse.

### 3. Prejudice

Plaintiff argues that because there was no unreasonable delay, there can be no prejudice.[83] Plaintiff further argues that even if unreasonable delay exists, no prejudice exists because "[t]he parties have not conducted any depositions . . . [and] have exchanged only

---

[77] *Id.* at p. 4, ¶ 10.
[78] *Sanchez v. Prop. & Cas., Ins. Co. of Hartford*, No. CIV. A. H-09-1736, 2010 WL 413687, at *8 (S.D. Tex. Jan. 27, 2010).
[79] *In re Universal Underwriters of Texas Ins. Co.*, 345 S.W.3d at 408.
[80] *Id.*
[81] *See Sanchez*, 2010 WL 413687, at *8.
[82] Dkt. No. 14 p. 1, ¶ 2.
[83] *Id.* at 4–5, ¶ 12.

minimal written discovery."[84] In response, Defendant Allstate argues "[t]he passage of time and potential deterioration of the property prejudices Allstate's ability and the appraiser's ability to determine to what extent . . . damage to the property might be attributable to the May 31, 2016 storm, what changes have occurred in the interim and arguably, exacerbated by the costs of repairs, if any."[85] The Court finds Defendant Allstate has not shown it would be prejudiced by appraisal.

A party must show that it has been prejudiced by unreasonable delay; mere delay is not enough to find waiver of appraisal.[86] No waiver of an insured's right to appraisal exists in the absence of a showing of prejudice to the insurer.[87] As observed by the Texas Supreme Court, "it is difficult to see how prejudice could ever be shown when the policy . . . gives both sides the same opportunity to demand appraisal."[88] Moreover, "if a party senses that an impasse has been reached, it can avoid prejudice by demanding an appraisal itself."[89]

While the Court sympathizes with Defendant Allstate's investment of time, money, and energy in this case, Defendant Allstate cannot establish prejudice by unreasonable delay where unreasonable delay did not occur. Further, even if unreasonable delay had occurred, Defendant Allstate fails to otherwise prove prejudice. The appraisal provision at issue provides Plaintiff *and* Defendant Allstate the opportunity to request appraisal.[90] The parties recently mediated for the first time on September 5, 2019[91] and Defendant Allstate was aware the parties might disagree as to the value of Plaintiff's claim. Defendant Allstate equally had an opportunity to invoke its right

---

[84] *Id.* at p. 5, ¶ 13.
[85] Dkt. No. 18 p. 4, ¶ 10.
[86] *See Dike v. Valley Forge Ins. Co.*, 797 F. Supp. 2d 777, 784 (S.D. Tex. 2011) (citing *In re Universal Underwriters of Tex. Ins. Co.*, 345 S.W.3d at 411).
[87] *See In re Universal Underwriters of Tex. Ins. Co.*, 345 S.W.3d at 411–12 (collecting cases).
[88] *Id.* at 412.
[89] *Id.*
[90] Dkt. No. 14-2 p. 35, ¶ 7 ("If you and we fail to agree on the amount of loss, either party can make written demand for an appraisal . . . ").
[91] Dkt. No. 18 p. 2, ¶ 4.

to appraisal and to avoid any putative prejudice by demanding appraisal earlier in the case or even in the prior state case.[92] Additionally, Defendant Allstate offers nothing more than stating it has expended time and effort in litigation as evidence of prejudice. This is simply insufficient to establish prejudice. Therefore, appraisal would not prejudice Defendant Allstate and Defendant Allstate fails to show otherwise. As such, the Court finds Plaintiff did not waive her right to appraisal and **GRANTS** Plaintiff's motion to compel appraisal.[93]

### III. CONCLUSION

For the foregoing reasons, the Court **DISMISSES WITHOUT PREJUDICE** Defendant Capmany. The Court **GRANTS** Defendant Allstate's motion for leave[94] and **ORDERS** Defendant Allstate to file its amended answer by **Monday, December 2, 2019.** Finally, the Court **GRANTS** Plaintiff's motion to compel appraisal.[95] Accordingly, the Court **ORDERS** the parties to conduct appraisal according to the terms of the policy.

The Court notes that appraisal may resolve amount of loss disputes and breach of contract claims.[96] In light of appraisal likely resolving Plaintiffs' breach of contract claim, the Court finds abating this case pending the completion of the appraisal process serves the interests of the parties, counsel, and the Court. Accordingly, the Court **ABATES** the case pending completion of the appraisal process.

---

[92] *See In re Universal Underwriters of Tex. Ins. Co.*, 345 S.W.3d at 412.
[93] Dkt. No. 14.
[94] Dkt. No. 15.
[95] Dkt. No. 14.
[96] *In re Universal Underwriters of Texas Ins. Co.*, 345 S.W.3d at 406–07 (citing *State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 888 (Tex. 2009)); *In re Universal Underwriters of Texas Ins. Co.*, 345 S.W.3d at 12 (citing *In re Allstate Cnty. Mut. Ins. Co.*, 85 S.W.3d at 196) ("'[T]he parties . . . agreed in the contracts' appraisal clause to the method by which to determine whether a breach has occurred,' and, if the appraisal determined that the full value was what the insurer offered, there would be no breach of contract.").

In turn, the Court **CANCELS** the parties' remaining deadlines[97] and **ORDERS** the parties to file an advisory updating the Court on **January 31, 2020** whether the appraisal process is complete.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 21st day of November, 2019.

                                                Micaela Alvarez
                                     United States District Judge

---

[97] *See* Dkt. No. 10.